QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

*Attorneys for Defendants OpenAI, Inc., OpenAI Global, LLC, OpenAI, LLC, OpenAI OpCo. LLC, and OpenAI GP, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARON APP, INC. d/b/a CAMEO,<br><br>Plaintiff,<br><br>vs.<br><br>OPENAI, INC., OPENAI GLOBAL, LLC, OPENAI, LLC, OPENAI OPCO, LLC, and OPENAI GP, LLC,<br><br>Defendants. | Case No. 5:25-cv-09268-EKL<br><br>**DECLARATION OF MARGRET M. CARUSO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF BARON APP, INC.'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Judge: Hon. Eumi K. Lee<br>Hearing: 11/14/2025 at 11:00 AM |

<u>**DECLARATION OF MARGRET M. CARUSO**</u>

I, Margret M. Caruso, declare as follows:

1. I am an attorney licensed to practice in the State of California and am a partner of the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendants OpenAI, Inc., Open AI Global, LLC, OpenAI, LLC, OpenAI OpCo. LLC, and OpenAI GP, LLC. I make this declaration in support of Defendants' Opposition to Plaintiff Baron App, Inc.'s Ex Parte Application for a Temporary Restraining Order. I have personal knowledge of the matters set forth in this declaration, and if called as a witness, I would testify competently to them."

***Baron App's Trademark Applications***

2.    I have reviewed the USPTO's trademark database information regarding the applications Baron App filed that led to the CAMEO trademark registrations with the registration numbers 6,026,358 , 6,026,359, and 6,369,961.

3.    According to the USPTO's records, the applications for what became Registration Nos. 6,026,358 and 6,026,359 were filed on May 10, 2017.  The USPTO issued four Office Actions in connection with each of those applications rejecting them on the basis that CAMEO was merely descriptive as used for Baron App's services.  Attached as **Exhibits A** and **B** are true and correct copies of the refusals from August 8, 2017, as downloaded from the USPTO's website.  Attached as **Exhibits C** and **D** are true and correct copies of the refusals from March 19, 2018, as downloaded from the USPTO's website.  Attached as **Exhibits E** and **F** are true and correct copies of the refusals from October 26, 2018, as downloaded from the USPTO's website.  Attached as **Exhibits M** and **N** are true and correct copies of the refusals from May 23, 2019, as downloaded from the USPTO's website.

4.    In connection with the August 8, 2017 refusals reflected in Exhibits A and B, the USPTO cited *The American Heritage Dictionary of the English Language*, Fifth Edition definition for "cameo" as "A brief appearance of a prominent actor or celebrity, as in a single scene of a motion picture."  Attached to those refusals were copies of the dictionary definition as displayed below:

> n. pl. **cam·e·os**
> 1.
>    a. A gem or shell carved in relief, especially one in which the raised design and the background consist of layers of contrasting colors.
>    b. The technique of carving in this way.
>    c. A medallion with a profile cut in raised relief.
> 2. A brief vivid portrayal or depiction: a literary cameo.
> 3. ==A brief appearance of a prominent actor or celebrity, as in a single scene of a motion picture. Also called cameo role.==
>
> v. **cam·e·oed, cam·e·o·ing, cam·e·os**
> v.tr.
> 1. To make into or like a gem or shell carved in relief.
> 2. To portray in sharp, delicate relief, as in a literary composition.
> v.intr.
> To make a brief appearance, as in a film: She cameoed as Anne Boleyn in A Man for All Seasons.

5. In connection with the March 19, 2018 refusals reflected in Exhibits C and D, and the October 26, 2018 refusals reflected in Exhibits E and F, the USPTO also cited the *Merriam-Webster's Online Dictionary*, 11th Edition definition for "cameo" as "a usually brief literary or filmic piece that brings into delicate or sharp relief the character of a person, place, or event." Attached to those refusals were copies of the dictionary definition as displayed below:

> **Definition of CAMEO**
>
> *plural* **cameos**
>
> 1  a : a gem carved in relief (see ¹RELIEF 6); *especially* : a small piece of sculpture on a stone or shell cut in relief in one layer with another contrasting layer serving as background
>    b : a small medallion (see MEDALLION 2) with a profiled head in relief
>
> 2  : a carving or sculpture made in the manner of a cameo
>
> 3  : ==a usually brief literary or filmic piece that brings into delicate or sharp relief the character of a person, place, or event==
>    • his *cameos* and short commentaries on men and manners —R. T. Dunlop
>
> 4  : a small theatrical role usually performed by a well-known actor and often limited to a single scene • A major star appears in a *cameo* in the movie.; *broadly* : a brief appearance or role

6. According to the USPTO's records, it ultimately issued Registrations No. 6,026,358 and No. 6,026,359 only after Baron App submitted evidence of acquired distinctiveness, as reflected in the resulting registrations' notations of "SEC. 2(F)."

7. According to the USPTO's records, the application for what became Registration No. 6,113,018 was filed on January 14, 2020. Attached as **Exhibit G** is a true and correct copy of the first eight pages of Baron App's application, as downloaded from the USPTO's website. As Exhibit G reflects, Baron App's initial application for what became Registration No. 6,113,018 sought registration on the basis of evidence of acquired distinctiveness, as reflected in the table next to "SECTION 2(f) Claim of Acquired Distinctiveness, BASED ON EVIDENCE." According to the USPTO's records, it ultimately granted the application on this basis, as reflected in the resulting registration's notation of "SEC. 2(F)."

### *Baron App's Marketing*

8. Attached as **Exhibit H** is a true and correct copy of two screen captures from Cameo's website, as captured from https://www.cameo.com/ and https://www.cameo.com/about on November 3, 2025. On the "How it Works" page, Baron App markets Cameo as a service that allows you to "connect with your favorite stars" by requesting a "personalized message for any occasion":



On its display in the Google Play Store, Baron App markets Cameo as a service that allows you to obtain "personal celeb videos" and "connect" with celebrities:



9. According to Baron App's cameo.com website, "Stars" include a variety of celebrities, including actors, athletes, comedians, and musicians, with prices varying depending on star. https://www.cameo.com/browse.

10. For example, a video from the San Francisco 49ers' starting fullback Kyle Juszczyk costs $400, a video from its former kicker Jake Moody, $150, and a video from the "banjo man" 49ers fan, $49.

  

11. Some of the short videos offered on Cameo's talent catalog, such those recorded by actress Rachael E. Harris's, cost up to $2,500.



## Using Cameo's Services

12. Baron App's Cameo service appears to be available for use only through its website and on its mobile app. In my experience of attempting to use Cameo's services, users must sign up using their email address and phone number, and must be signed in to order a celebrity-recorded video.



13. Cameo's "How it works" page, https://www.cameo.com/about, explains users must select which "celeb" they want to record a video, and send information about what they want said. Depending on the celebrity, the turn-around time can be up to seven days, and the price varies. After the user pays and submits a request, the celebrity makes a personalized video, and the user receives a notification when it is ready.

14. Cameo invites users to "share" the resulting videos and the reactions to them, and invites users to "tag us," but it does not appear to provide a platform for users to share videos on.



***Cameo as a Source Indicator***

15. Baron App uses CAMEO as a brand. For example, Cameo's website displays the stylized "Cameo" logo at the top of its webpage. In Baron App's stylized depiction of "Cameo," an "a" and "e" appear as inverted versions of each other:



16. In the App Store, Baron App uses a colorful stylized "C" as its app icon. If both apps are downloaded on a phone, Open AI's Sora app icon looks markedly dissimilar from Baron App's icon.



### Third Party Use of CAMEO

17. Attached as **Exhibit I** is a true and correct copy of a screen capture of Microsoft's "Cameo for PowerPoint and Microsoft Teams" article captured at https://www.microsoft.com/en-us/garage/wall-of-fame/cameo-for-powerpoint-and-microsoft-teams/, on November 1, 2025.

18. Attached as **Exhibit J** is a true and correct copy of a screen capture of the article "Introducing Cameos" on Snapchat's website as captured at https://newsroom.snap.com/introducing-cameos, on 11/1/2025, describing its Cameos feature. Attached as **Exhibit K** are true and correct screen captures from YouTube pages displaying videos about how to use Snapchat's

Cameos, as copied from https://www.youtube.com/watch?v=H5FPlCKI4Hg and https://www.youtube.com/watch?v=7NzJxzg5bRk on November 6, 2025.

19. Attached as **Exhibit L** is a true and correct copy of registration certificates for 38 live registered trademarks for the term "cameo," as captured from the USPTO's website on November 6, 2025. This collection does not include Baron App's registrations.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on November 6, 2025 at Redwood City, California.

*/s/ Margret M. Caruso*
Margret M. Caruso