QUINN EMANUEL URQUHART & SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

*Attorneys for Defendants OpenAI, Inc., OpenAI
Global, LLC, OpenAI, LLC, OpenAI OpCo. LLC, and
OpenAI GP, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BARON APP, INC. d/b/a CAMEO,<br><br>       Plaintiff,<br><br>     vs.<br><br>OPENAI, INC., OPENAI GLOBAL, LLC, OPENAI, LLC, OPENAI OPCO, LLC, and OPENAI GP, LLC,<br><br>       Defendants. | Case No. 5:25-cv-09268- EKL<br><br>**DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE PURSUANT TO ND CAL LOCAL RULE 7-3(d)(1)**<br><br>Judge:  Hon. Eumi K. Lee<br>Hearing:  12/19/2025 at 11:00 AM |

Pursuant to Civil Local Rule 7-3(d)(1), Defendants OpenAI, Inc., OpenAI Global, LLC, OpenAI, LLC, OpenAI OpCo, LLC, and OpenAI GP, LLC (collectively, "OpenAI") object to new and improper reply evidence submitted by Plaintiff Baron App, Inc. d/b/a Cameo ("Baron") in connection with its preliminary injunction reply brief, as well as argument and demonstratives based on that reply evidence.  *See* Dkt. 51 (the "Reply").  Specifically, OpenAI objects to: (i) the supplemental declaration of David Franklyn, including the attached supplemental Report of David Franklyn (Dkts. 56 and 56-1, together the "Supplemental Franklyn Report"), (ii) the supplemental declaration of Jordan Raphael, including Exhibit 1 thereto (Dkts. 55 and 55-1, together the "Supplemental Raphael Declaration"), and (iii) the Reply briefing and demonstratives submitted by Baron that rely on the Supplemental Raphael Declaration and Supplemental Franklyn Report.

When ruling on a preliminary injunction, "[a] district court may refuse to consider new evidence submitted for the first time in a reply."  *Semper/exeter Paper Co. LLC v. Henderson Specialty Paper LLC*, 2009 WL 10670619, at *2 (C.D. Cal. Sept. 21, 2009) (sustaining objection to reply evidence submitted in support of application for preliminary injunction) (citing *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006)); *see also Asics Am. Corp. v. Lutte Licensing Grp. LLC*, 2014 WL 10538912, at *1 n. 2 (C.D. Cal. Apr. 28, 2014) (granting motion to strike reply evidence and denying preliminary injunction); *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (granting motion to strike "new evidence and argument" raised in reply and denying preliminary injunction); *see also Mehr v. Cnty. of Orange*, 2010 WL 11595724, at *3 (C.D. Cal. May 3, 2010) (denying preliminary injunction and noting "[t]he opposing party should not have to incur the cost and effort of additional filings – a motion for leave to file a surreply, and the surreply itself – because the movants deliberately, or more likely inadvertently, held back part of their case.") (quotation omitted).

Reply evidence is objectionable if it is submitted in response to evidence or argument that the moving party should have anticipated.  *See Semper/exeter Paper*, 2009 WL 10670619 at *2 (noting "this is not a situation where the opposing party raised unanticipated issues" when sustaining objection to reply evidence).  "If Defendants' attacks disprove parts of Plaintiff's case, Plaintiff should not be allowed to make a different case with different evidence in reply. A system that

tolerated this would invite endless rounds of new evidentiary submissions and new attacks on those submissions." *Semper/exeter Paper*, 2009 WL 10670619 at *3. "This is especially true in a motion for a preliminary injunction, where an opposing party faces the prospect of losing its rights without a full trial on the merits." *Id*.

OpenAI hereby objects to the following materials:

**<u>Supplemental Franklyn Report (Dkts. 56 and 56-1), Baron's Reply (Dkt. 51) at 6:11-21 & Slide 38 in Baron's Demonstratives.</u>**

**<u>Objections:</u>** Violation of Briefing Schedule (Dkt. 43), (Fed. R. Evid. 403), Improper Reply Evidence.

<u>Violation of the Briefing Schedule and Unfairly Prejudicial (Fed. R. Evid. 403).</u>    The Supplemental Franklyn Report should be stricken for violating the Court-ordered briefing schedule. *Maslic v. ISM Vuzem d.o.o.*, 2024 WL 3408217, at *6 (N.D. Cal. July 11, 2024) (striking "declarations [that] exceed the scope of the Court's order permitting a sur-reply and present what in essence is additional argument").

Baron engaged Mr. Franklyn before the ***TRO*** hearing, by which time he had already conducted his survey.  *See* Dkt. 54-1 at 9 (interviews for the survey were "conducted November 10, 2025 through November 12, 2025").  While Baron does not reveal when it first engaged him in connection with OpenAI's September 30, 2025 release of the Sora app—or whether it conducted any other surveys that did not produce desirable results in the meantime—it is beyond dispute that at the TRO hearing Baron knew it intended to spring this new evidence on OpenAI in its *reply,* and intentionally did not make any mention of survey evidence at the November 14 hearing, even when the Court invited discussion of additional evidence and briefing that the parties might submit.  *See* Dkt. 41 (November 14, 2025 Hg. Tr.) at 48:20-52:20.  Nor did Baron make any mention of survey evidence during the parties' later meet and confer on a briefing schedule.  Dkt. 48 at ¶¶ 21-23.  It was not until December 1, 2025, that Baron informed OpenAI it had hired a survey expert—by serving Mr. Franklyn's initial report.  *Id*.  Baron's attempt to obtain the full effective relief on the merits it seeks through trial by ambush should not be rewarded by allowing Baron to now submit a

*further* report from Mr. Franklyn—especially because OpenAI's experts do not have an opportunity to respond.

Improper Reply Evidence.  The Supplemental Franklyn Report is also improper reply evidence.  *Semper/exeter Paper Co.*, 2009 WL 10670619 at *2 (sustaining objections to reply evidence submitted in support of application for preliminary injunction); *Asics Am. Corp.*, 2014 WL 10538912 at *1 n. 2 (striking reply evidence submitted in support of application for preliminary injunction); *Docusign*, 468 F. Supp. 2d at 1307 (striking "new evidence and argument" submitted in support of application for preliminary injunction).  "If Defendants' attacks disprove parts of Plaintiff's case, Plaintiff should not be allowed to make a different case with different evidence in reply.  A system that tolerated this would invite endless rounds of new evidentiary submissions and new attacks on those submissions."  *Semper/exeter Paper*, 2009 WL 10670619 at *3 (sustaining objection to reply evidence).

Briefing and Demonstratives Relying on the Supplement Franklyn Report.  For the same reasons that the Supplemental Franklyn Report is objectionable, Baron's briefing and demonstratives relying on it are also objectionable.  *See, e.g. Docusign*, 468 F. Supp. 2d at 1307 (striking argument premised on reply evidence submitted in support of application for preliminary injunction).  The Court should thus strike the portion of Baron's Reply (Dkt. 51) that appears at 6:11-21, as well as slide 38 in Baron's demonstratives, as submitted to the Court on December 17, 2025.

**Supplemental Raphael Declaration (Dkts. 55 and 55-1), Baron's Reply (Dkt. 51) at 5:18-25 & Slides 12, 13 & 14 in Baron's Demonstratives.**

**Objections:** Violation of Briefing Schedule (Dkt. 43), Improper Reply Evidence, Fed. R. Evid. 401/402, Fed. R. Evid. 403.

Violation of the Briefing Schedule.  Baron admits serving the Supplemental Raphael Declaration *after* the December 1, 2025 deadline to submit additional evidence.  Dkt. 51 at 2 n. 2; Dkt. 43 at 1 (Court order stating "Plaintiff's deadline to produce additional evidence is December 1, 2025.").  Courts in this District will strike evidence and argument submitted in violation of a Court-ordered briefing schedule.  *See, e.g. Maslic*, 2024 WL 3408217, at *6 (striking "declarations

[that] exceed the scope of the Court's order permitting a sur-reply and present what in essence is additional argument").  When setting the briefing schedule, the Court noted it is necessary "to close the record at some point" and anticipated additional evidence "related to the bond."  Dkt. 41, November 14, 2025 Hg. Tr. at 51:11-22.  But the Supplemental Raphael Declaration (like the rest of the 20+ videos and 700+ pages of new material Plaintiff submitted in connection with its Reply) does not discuss or relate to the issue of a bond.  Moreover, the local rules do not permit OpenAI to respond to the Supplemental Raphael Declaration on the merits (*see* N.D. Cal. Local Rule 7-3), prejudicing OpenAI.  The Supplemental Raphael Declaration should be stricken.

Relevance (Fed. R. Evid. 401/402).  The Supplemental Raphael Declaration and its video exhibit is also objectionable because it is irrelevant.  Plaintiff's motion challenges OpenAI's use of "cameo" in connection with OpenAI's naming of a feature in its Sora service.  The video discussed by Supplemental Raphael Declaration was posted by a *third-party user* of Sora, not by OpenAI, and created by a third-party prompt.  As such, the video is irrelevant to the claims Plaintiff pled.  *E.g. PetConnect Rescue, Inc. v. Salinas*, 656 F. Supp. 3d 1131, 1160 (S.D. Cal. 2023) (actions of a third party, not controlled by the accused infringer, cannot support a claim for trademark infringement); *Scholz v. Migliaccio*, 2013 WL 4482077, at *3 (W.D. Wash. Aug. 20, 2013) (similar).  It is as if the plaintiff in a hypothetical trademark lawsuit against Meta for the name of its "Instagram" social media platform tried to introduce a user-posted video that displayed the plaintiff's (hypothetical) "Instagram" mark.  At most, the video would bear on a separate, secondary liability claim based on the user-posted content—not the pled claim against Meta for the name of its service.

Unduly Prejudicial (Fed. R. Evid. 403).  The timing of Baron's evidence—*after* OpenAI's opposition was due—prevented OpenAI from having the opportunity to respond to the video or the representations made in the Supplemental Raphael Declaration.  For example, OpenAI has policies governing user distribution of Sora videos, which include not posting videos that may infringe third parties' intellectual property rights, and OpenAI provides online takedown forms if a rights owner believes content violated its rights.  Yet the timing of Baron's disclosure prevented OpenAI from having an opportunity to submit a declaration and evidence, regarding its policy and take down

procedures, or that when OpenAI learned about this issue through Baron's Reply brief, it took affirmative steps to remove the post.

Improper Reply Evidence.  Baron's use of the Supplemental Raphael Declaration to make a new argument is improper on reply.  *Semper/exeter Paper Co.*, 2009 WL 10670619 at *2 (sustaining objections to reply evidence submitted in support of application for preliminary injunction); *Asics Am. Corp.*, 2014 WL 10538912 at *1 n. 2 (same); *Docusign*, 468 F. Supp. 2d at 1307 (striking reply evidence submitted in support of preliminary injunction).  Baron submitted the Supplemental Reply Declaration in support of an argument about the contents of a user-posted video using "cameo." Dkt. 51 at 5.  But that is not an argument Baron has made in either of its first two briefs or alleged in its complaint.  Because this evidence that OpenAI has not had an opportunity to respond to is offered in support of a new argument it is improper reply evidence that should be excluded. *Semper/exeter Paper Co.*, 2009 WL 10670619 at *2; *Asics Am. Corp.*, 2014 WL 10538912 at *1 n. 2; *Docusign*, 468 F. Supp. 2d at 1307.

Briefing and Demonstratives Relying on the Supplement Raphael Declaration.  For the same reasons that the Supplement Raphael Declaration is objectionable, Baron's briefing and demonstratives relying on the Supplement Raphael Declaration are also objectionable.  *See, e.g. Docusign*, 468 F. Supp. 2d at 1307 (striking argument premised on reply evidence submitted in support of application for preliminary injunction).  The Court should strike the portion of Baron's Reply (Dkt. 51) that appears at 5:18-25, as well as slides 12, 13 & 14 in Baron's demonstratives, as submitted to the Court on December 17, 2025, for reliance on the Supplemental Raphael Declaration.

## **CONCLUSION**

For the foregoing reasons, OpenAI objects to the Supplemental Raphael Declaration and Exhibit 1 thereto, the Supplemental Franklyn Declaration and Report, the portions of Baron's Reply brief discussing them (5:18-25 and 6:11-21), and slides 12, 13, 14, and 38 in the demonstratives Baron submitted to the Court on December 17, 2023.

Dated:   December 18, 2025

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By:   /s/ Margret M. Caruso
       Margret M. Caruso

       *Attorneys for Defendants OpenAI, Inc., OpenAI*
       *Global, LLC, OpenAI OpCo, LLC, and OpenAI*
       *GP, LLC*