TIM BYRON (SBN 277569)
tbyron@byronraphael.com
BYRON RAPHAEL LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:   (415) 839-8500
Facsimile:   (213) 377-5771

JORDAN RAPHAEL (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
811 Wilshire Blvd., 17th Floor
Los Angeles, CA  90017
Telephone:   (213) 291-9800
Facsimile:   (213) 377-5771

Attorneys for Plaintiff
BARON APP, INC. d/b/a CAMEO

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Margret M. Caruso (Bar No. 243473)
margretcaruso@quinnemanuel.com
Sara L. Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

Attorneys for Defendants OpenAI, Inc., OpenAI Global, LLC, OpenAI, LLC, OpenAI OpCo. LLC, and OpenAI GP, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BARON APP, INC. d/b/a CAMEO,<br><br>       Plaintiff,<br><br>  vs.<br><br>OPENAI, INC., OPENAI GLOBAL, LLC, OPENAI, LLC., OPENAI OPCO, LLC, and OPENAI GP, LLC,<br><br>       Defendants. | Case No. 5:25-cv-09268-EKL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Judge:      Hon. Eumi K. Lee<br>Hearing:   February 4, 2026 at 1:30pm<br>Location:  Courtroom 7 (via Zoom) |

Pursuant to the October 31, 2025 Clerk's Notice (ECF No. 24), the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and the Court's Standing Order for Civil Cases, Plaintiff Baron App, Inc. d/b/a Cameo ("Cameo" or "Plaintiff") and Defendants OpenAI, Inc., OpenAI Global, LLC, OpenAI, L.L.C., OpenAI OpCo, LLC, and OpenAI GP, L.L.C. (collectively, "OpenAI" or "Defendants") jointly submit this Joint Case Management Statement and Proposed Order.

**1. <u>Jurisdiction and Service</u>**

Plaintiff states that this Court has subject matter jurisdiction over Cameo's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Cameo's state law claims under 28 U.S.C. § 1367. Defendants have not challenged the jurisdiction of this court. All Defendants in this action have been served and/or waived service.

**2. <u>Facts</u>**

**Plaintiff's Summary of the Facts**

Cameo is a pioneering digital marketplace that connects fans with celebrities and other creators through personalized videos. Since its founding in 2017, Cameo and its registered trademark CAMEO® have become a beloved and widely recognized brand closely associated with short, personalized videos featuring celebrities and other personalized celebrity interactions.

In a recent update to its Sora iOS app, OpenAI converted the app into a TikTok-style social network and introduced a new service for creating videos featuring AI-generated likenesses of other users. To highlight the fact that its service can be used to create personalized celebrity videos, OpenAI named it "Cameo"—Plaintiff's exact trademark. OpenAI then promoted its "Cameo" feature by attracting celebrities to Sora—including current and former talent from Plaintiff's CAMEO® marketplace. As a result, people seeking personalized celebrity videos were given a choice that is unlawful from a trademark perspective: use Plaintiff's CAMEO® app to purchase an authentic, personalized celebrity video, or use Sora's confusingly named "Cameo" service to create a realistic AI-generated video featuring a celebrity's likeness.

When OpenAI refused Cameo's requests that it use a different name for the feature, Cameo brought this suit, alleging OpenAI's conduct constitutes trademark infringement, dilution, and unfair

1  competition under federal and state law, causing irreparable harm to Cameo's brand and goodwill.

2  **Defendants' Summary of the Facts**

3  OpenAI is a research and development company, focusing on Artificial Intelligence ("AI") with a stated mission to ensure that AI benefits all of humanity. Since its founding in 2015, OpenAI has been at the forefront of developments in generative AI. It has released many products and services to developers, researchers, and consumers, including GPT generative text models and Dall-E, a revolutionary artificial intelligence program that generates images from text prompts.

8  In 2024, OpenAI released Sora, a model that can create videos in response to text, image, and video prompts. In 2025, OpenAI announced an improved model, Sora 2. Sora 2 is capable of delivering more advanced image simulations based on a deeper understanding of the physical world, and creates more realistic video than the first Sora model. Sora 2 also allows users to input real world elements, including humans, animals, and objects, into videos, using what were originally called the "cameo" and "character" features.

14  OpenAI has made the Sora 2 model available to consumers through both its website and the Sora app. The Sora app allows users to record a short video of themselves, including recorded audio, which can then be used to "cast" the user into videos the create so that they can play a role in the video. Users can also give others permissions to add them to their videos. OpenAI named this feature of Sora "cameo," because the feature allows users to generate short appearances (for either themselves or others) in videos—consistent with dictionary definitions and colloquial understandings of the work cameo. Consistent with trademark law, OpenAI is permitted under the doctrine of classic fair use to use the term "cameo" to accurately describe this feature of Sora.

22  **3. Legal Issues**

23  The parties anticipate this action will raise the following key issues to be determined by the factfinder:

**Plaintiff's Issues**

- Is Defendants' use of "Cameo" likely to cause confusion among consumers?
- Is Plaintiff's CAMEO mark famous, and, if so, does Defendants' use of "Cameo" dilute Plaintiff's mark?

- If Plaintiff prevails on its claims, what monetary and injunctive relief is Plaintiff entitled to?

    **Defendant's Additional Issues**

- Is Baron's CAMEO mark descriptive?
- Is OpenAI's use of the word "cameo" a permitted descriptive use of a feature found within Sora?
- Is OpenAI's use of the word "cameo" a fair use of the CAMEO mark?
- Is there any value or goodwill associated with the CAMEO mark?
- Have OpenAI's actions cased any harm to Baron?
- If OpenAI prevails, is OpenAI entitled to its attorneys' fees?

**4. Motions**

Plaintiff filed a motion for temporary restraining order and order to show cause why a preliminary injunction should not issue. ECF 16. On November 21, 2025, the Court issued a temporary restraining order prohibiting OpenAI from using "Cameo" as the name of any product, service, feature, or functionality within Defendants' Sora AI video generation products and services, as well as in any related marketing, promotional, or distribution channel in commerce in the United States of America. ECF 42, 43. Plaintiff's motion for a preliminary injunction is fully briefed, and a hearing was held on December 19, 2025. The Court also extended the temporary restraining order until February 5, 2026. ECF 60.

On January 5, 2026, Defendants filed a motion to dismiss the third, fourth, and sixth claims in Plaintiff's Complaint. ECF 61. Defendants' motion is noticed for an April 29, 2026 hearing, which Defendants note that was the earliest date the Court was available at the time Defendants' motion was filed.

**5. Amendment of Pleadings**

Plaintiff has no current plans to amend its Complaint but seeks leave to do so if discovery reveals additional claims or additional parties to add as defendants, or if the Court grants Defendants' pending motion to dismiss. Defendants have not yet answered Plaintiff's Complaint. The parties present a proposal for the deadline to add parties and amend pleadings in Section 15 below.

6. **Evidence Preservation**

The filing parties have reviewed the Northern District of California's Guidelines for Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. Additionally, the filing parties have met and conferred at their Rule 26(f) conference regarding evidence preservation. Each of the filing parties has implemented a litigation hold or otherwise taken steps to preserve all ESI and hardcopy documents and media identified as relevant to this action.

7. **Disclosures**

The parties anticipate exchanging initial disclosures by the January 28, 2026 deadline to do so.

8. **Discovery**

**Discovery served**: Neither party has served discovery to date.

**Proposed Limitations**: The parties agree that discovery should proceed pursuant to the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California.

**Protective Order**: The parties anticipate that a protective order will be necessary in this case.

**Electronically Stored Information**: The parties anticipate discovery will involve ESI but do not believe an order along the lines of this District's model ESI order is necessary at this time. If, during the course of discovery, it appears that significant volumes of ESI production will be required, the parties agree to meet and confer concerning an appropriate production format.

**Service by email**: The parties agree to accept service by email and treat it as equivalent to hand delivery.

**Privilege Logs:** Plaintiff proposes that communications involving trial counsel (i.e., counsel who have appeared in this action) after October 10, 2025 (the date of Cameo's demand letter to OpenAI) need not be placed on the privilege log. Defendants propose that communications involving trial counsel and in-house counsel managing the litigation after October 10, 2025 need not be placed on the privilege log.

9. **Class Actions**

Not applicable.

## 10. Related Cases

There are no presently known related cases.

## 11. Relief

As set forth fully in Plaintiff's Complaint, Plaintiff seeks a permanent injunction barring Defendants from using "Cameo" as the name of any product, service, feature, or functionality within Defendants' video generation products, as well as in any related marketing, promotional, or distribution channel. Plaintiff also seeks actual damages, disgorgement of Defendants' profits, an award of attorneys' fees, and statutory damages.

OpenAI will seek to recoup its attorneys' fees and reasonable expenses in defending this litigation.

## 12. Settlement Negotiations

The parties have engaged in limited settlement discussions.

Pursuant to ADR L.R. 3-5, the filing parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure.

Plaintiff prefers mediation before a court-appointed mediator.

OpenAI is generally open to court-ordered mediation, and generally believes an early mediation could be useful.

## 13. Other References

The filing parties believe at this time that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 14. Narrowing of Issues

Given the early stage of this case, the parties have not at this time identified issues that can be narrowed by motion or stipulation.

## 15. Scheduling

The parties propose the following schedules:

| Event | Plaintiff's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Deadline to add parties or amend the pleadings (with good cause required for amendment after this date pursuant to Fed. R. Civ. P. 16(b)(4)) | April 6, 2026 (60 days after initial CMC) | March 6, 2026 (30 days after initial CMC) |
| Deadline to Complete Initial ADR Session | June 4, 2026 (120 days after initial CMC) | June 4, 2026 (120 days after initial CMC) |
| Further Case Management Conference | July 8, 2026 | June 10, 2026 |
| Close of Fact Discovery | September 4, 2026 (7 months after initial CMC) | July 3, 2026 (5 months after initial CMC) |
| Opening Expert Reports Due | September 18, 2026 | July 17, 2026 |
| Rebuttal Expert Reports Due | October 2, 2026 | August 14, 2026 |
| Close of Expert Discovery | October 16, 2026 | September 11, 2026 |
| Deadline for Baron to File Opening Summary Judgment and for the Parties to File Daubert Motions | Parties to submit stipulation and further proposed order before briefing per Standing Order Section IX | September 25, 2026 |
| Deadline for OpenAI to File Summary Judgment Opening/Opposition Brief | Parties to submit stipulation and further proposed order before briefing per Standing Order Section IX | October 16, 2026 |
| Deadline for Baron to file Summary Judgment Opposition/Reply Brief | Parties to submit stipulation and further proposed order before briefing per Standing Order Section IX | November 6, 2025 |
| Deadline for OpenAI to File Summary Judgment Reply Brief | Parties to submit stipulation and further proposed order before briefing per Standing Order Section IX | November 20, 2026 |
| Close of Briefing on Summary Judgment/Daubert | December 14, 2026 | November 20, 2026 |
| Hearing on Summary Judgment/Daubert | January 13, 2027 | December 23, 2026 |
| Pretrial Conference | April 7, 2027 | March 17, 2027 |

| Event | Plaintiff's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Pretrial conference statement due | March 24, 2027 | March 3, 2027 |
| Trial | May 5, 2027 | April 19, 2027 |

In making these proposals, both parties reserve their right to jointly or separately request additional time depending on how the case progresses.[1]

Separately, the parties have discussed, and may agree to, a stay of discovery pending appeal, depending on the nature of the Court's order on Plaintiff's motion for a preliminary injunction.

### 16. Trial

Plaintiff requests trial by jury. Both parties estimate the length of trial at 5 days.

### 17. Disclosure of Non-Party Interested Entities or Persons

The filing parties have filed Certificates of Interested Entities or Persons pursuant to Civil Local Rule 3-14.

### 18. Professional Conduct

The filing parties' attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19. Other

None.

---

[1] For example, Plaintiff reserves the right to request leave to amend its complaint in the event the Court grants Defendants' Motion to Dismiss (ECF 61). Defendants' motion is noticed for hearing on April 29, 2026—after the latest deadline to amend the pleadings permitted under the Court's Civil Standing Order (60 days after the initial case management conference).

Dated: January 21, 2026                           Respectfully submitted,

                                                 BYRON RAPHAEL LLP

                                                 By:   */s/     Tim Byron*
                                                            TIM BYRON

TIM BYRON (SBN 277569)
tbyron@byronraphael.com
BYRON RAPHAEL LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:   (415) 839-8500
Facsimile:   (213) 377-5771

JORDAN RAPHAEL (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
811 Wilshire Blvd., 17th Floor
Los Angeles, CA  90017
Telephone:   (213) 291-9800
Facsimile:   (213) 377-5771

*Attorneys for Plaintiff*
BARON APP, INC. d/b/a CAMEO


Dated:   January 21, 2026                        QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                                 By:   *Margret M. Caruso*
                                                       Margret M. Caruso

                                                     *Attorneys for Defendants*

**[PROPOSED] CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

DATE: _____         _____

Judge Eumi K. Lee
U.S. District Court Judge

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatory.

Dated: January 21, 2026                                        By: Tim Byron